IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

ALBERTO CARRASCO-LOZADA,

    Plaintiff,

        vs.                                        CIVIL NO.: 12-1736 (MEL)

ERIC K. SHINSEKI,
  Secretary, Department of Veteran Affairs

    Defendant.

**OPINION AND ORDER**

On September 8, 2011, plaintiff filed a complaint for claims under the Age Discrimination and Employment Act ("ADEA"), 29 U.S.C. § 621-634.[1] (D.E. 1). Pending before the court is a motion to dismiss filed by the Secretary of the Department of Veterans Affairs ("defendant").[2] (D.E. 15). Plaintiff has filed a response in opposition. (D.E. 18). Defendant then filed a reply to plaintiff's opposition. (D.E. 21).

Defendant argues that paragraphs 18-24 of the complaint allege additional discrete acts of discrimination that were not included in plaintiff's EEOC complaint before the agency. (D.E. 15, at 2). Defendant also argues that plaintiff failed to comply with the "bypass option"[3] and as such, he did not exhaust the administrative remedies. Id. at 5-8. In response, plaintiff argues that the allegations contained in paragraphs 18-24 set forth a cause of action for

---

[1] The complaint was also brought under the Constitution of the United States of America; however, no particular provision is cited or referenced to.
[2] Although the motion is titled "Motion to Dismiss Complaint," the prayer for relief indicates it is a motion to dismiss only paragraphs 18-24 of the complaint for failure to exhaust administrative remedies.
[3] Whereas most employees must first exhaust administrative remedies before instituting an ADEA action (see 29 U.S.C. § 626(d)), a federal employee has the option of bypassing administrative remedies entirely and suing directly in the federal district court. Id. § 633a(c). A federal employee who wishes to avail himself of this bypass option must notify the EEOC of his intent to sue within 180 days following the occurrence of the allegedly unlawful practice and then observe a thirty-day waiting period before filing suit. Id. § 633a(d). The EEOC is required to notify the putative defendant of the employee's intent to sue, but it has no authority to forestall the litigation. Id.

retaliation for filing the original claim with the EEOC, thus he was not required to file a separate EEOC claim for such retaliation. (D.E. 18, at 1). For the reasons set forth below, moving defendant's motion is granted.

In paragraphs 18-24 of the complaint, plaintiff alleges that various positions he has occupied in the Department of Veteran Affairs have been assigned a lower pay grade than the corresponding one. (D.E. 1, 4-5). Specifically, plaintiff points out that he was initially awarded a Grade 6 for the position of Supervisor of Medical Support Assistants and one year later was given the Grade 8; that he received the corresponding grade for the position of Medical Administration Specialist after a six (6) month delay; and that he had to complain to his supervisor in order to obtain a Grade 11 for his temporary promotion to the position of HAS Supervisor Medical Administration Specialist. Id. Plaintiff also alleges that his supervisor currently assigned him a night-shift work schedule without considering the fact that he has a medical condition that requires radiotherapy.[4] Id. at 5. In opposition to defendant's motion to dismiss, plaintiff argues that these paragraphs state a cause of action for retaliation for filing the original claim with the EEOC. However, plaintiff's complaint is devoid of any allegations indicating that the events mentioned in paragraphs 18-24 occurred as a result of the filing of the administrative charge.

Although plaintiff is correct in stating that a cause of action for retaliation for filing an EEOC complaint does not require a separate administrative charge, the complaint presently before the court fails to include any factual allegations linking these adverse actions as a byproduct or consequence of retaliation that occurred due to the administrative complaint that was filed. Furthermore, the complaint in the case at bar does not indicate the date in which plaintiff filed the EEOC complaint. Thus, no inference can be drawn without falling into

---

[4] Paragraph 24 of the complaint does not specify which medical condition plaintiff is referring to.

speculation that due to the proximity between the events detailed in paragraphs 18-24 and the filing of the EEOC complaint, the former can constitute acts of retaliation.  See e.g., DeCaire v. Mukasey, 530 F.3d 1, 19 (1st Cir. 2008) (holding that temporal proximity alone can suffice to meet the burden of establishing a prima facie case of retaliation); Clark County Sch. Dist. V. Breeden, 532 U.S.268, 273-74, 121 S.Ct. 1508 (2001) (finding that the temporal proximity between an employer's knowledge of protected activity and an adverse employment action must be very close in order to be considered sufficient evidence of causality); Mariani Colón v. Dep't of Homeland Sec. ex rel. Chertoff, 511 F.3d 216, 224 (1st Cir. 2007) (holding that a two-month interval is sufficient to meet the prima facie burden).  Moreover, plaintiff has not disputed defendant's contention that the EEOC claim was filed on July 28, 2009.  (D.E. 15, at 3).  The events mentioned in paragraphs 18, 19, 20, and 24 also fail to state the date in which they occurred.  Assuming, *arguendo*, that the events narrated in the complaint have been drafted in chronological order and that the incidents alluded to in paragraphs 18-24 of the complaint occurred after June 20, 2011 (see D.E. 1, ¶ 16), a time span of almost two years since the filing of the EEOC complaint prevents an inference of retaliation absent other allegations that connect the retaliatory acts to the filing of the administrative complaint.  See e.g., Mesnick v. General Electric Company, 950 F.2d 816, 828 (1st Cir. 1991) (characterizing nine months as a "long gestation period" and finding no causal connection).

When reviewing a motion to dismiss, the court must accept as true all well-pleaded factual averments and indulge all reasonable inferences in plaintiff's favor.  Doyle v. Hasbro, Inc., 103 F. 3d 186, 190 (1st Cir. 1996) (quoting Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir. 1996)).  In order to survive a motion to dismiss, plaintiff must "set forth factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under

some actionable legal theory." Gooley v. Mobil Oil Corp., 851 F.2d 513, 515 (1st Cir. 1988). Although all inferences must be made in plaintiff's favor, the court need not accept bald assertions, unsupportable conclusions or periphrastic circumlocutions. Aulson, 83 F.3d at 3.

Even when read with full deference to its factual allegations, plaintiff's complaint lacks any statements indicating that the events mentioned in paragraphs 18-24 occurred as a result of the filing of the administrative charge. Instead, a reading of paragraphs 18-24 suggests that these events are mentioned in the complaint as evidence to support plaintiff's cause of action for discrimination. This conclusion is further supported by paragraph 25, which states: "Plaintiff believes *all these events* are taken against him because he is older and he is been [*sic*] pushed to retire from the Agency. He feels he is disparately treated and harassed because he is older." (D.E. 1, at 5 (emphasis added)). In sum, in plaintiff's complaint there is no hint as to a cause of action for retaliation.

To the extent that plaintiff claims paragraphs 18-24 refer to discrete acts of discrimination, defendant argues plaintiff has not complied with the administrative proceedings or the "bypass option." Plaintiff has not submitted any evidence to demonstrate he has exhausted the administrative remedies or complied with the "bypass" option requirements. Not only does plaintiff's response fail to include the evidence demonstrating compliance with the administrative proceedings, but it also fails to challenge or refute defendant's allegation. (See D.E. 15-1; 23-1; 23-2; 23-3; 25-1).

Procedural requirements for bringing an ADEA claim, while compulsory, are not jurisdictional. The need for compliance is, therefore, subject to the usual gamut of equitable exceptions. 29 U.S.C.A. § 633a(d). The First Circuit has held that a federal employee's failure to give notice to the EEOC before filing a suit for age discrimination as required by 29 U.S.C.A.

4

§ 633a(d) violates compulsory procedural requirements. Tapia-Tapia v. Potter, 322 F.3d 742, 745 (1st Cir. 2003). Here, plaintiff has not contested these issues by showing or even asserting that any of the equitable exceptions apply in the instant case or that he gave proper notice to the EEOC.

Rule 15 of the Federal Rules of Civil Procedure allows a party to amend its pleading once as a matter of course within 21 days after serving it, or if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier. Fed. R. Civ. P. 15(a)(1). In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. Id. Here, the period for an amended pleading as a matter of course has elapsed. Even assuming that a timely request to amend the complaint was filed, plaintiff has not demonstrated why he was unable to allege a cause of action of retaliation in the complaint filed in this case. Plaintiff has also failed to demonstrate that he did not have an opportunity to discover evidence and obtain the necessary facts and information to raise a proper cause of action for retaliation.

In sum, plaintiff's complaint lacks any statement as to hint a cause of action for retaliation; plaintiff has not demonstrated that the allegations in paragraphs 18-24 were brought up in the administrative proceedings or that he complied with the "bypass option" requirements; the time to amend the complaint has elapsed, and even so, plaintiff has not shown why the missing facts and allegations could not have been initially pled in the complaint. As such, this court is going to deem defendant's motion to dismiss (D.E. 15) as a motion to strike, and said motion is hereby **GRANTED**. Paragraphs 18-24 of the complaint are hereby **STRICKEN**.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 7th day of May, 2013.

s/Marcos E. López<br>U.S. Magistrate Judge