IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

ALBERTO CARRASCO-LOZADA

    Plaintiff

        v.                       CIVIL NO.: 12-1736 (MEL)

ERIC K. SHINSEKI,
  Secretary, Department of Veteran Affairs

    Defendant

**OPINION AND ORDER**

**I.    PROCEDURAL BACKGROUND**

On July 28, 2009 plaintiff filed a charge with the Equal Employment Opportunity Commission ("EEOC") alleging that his employer had discriminated against him based on his age, by giving him a lower pay grade for positions he occupied. See ECF No. 13, at 1. Plaintiff did not request a hearing before an EEOC administrative judge; therefore, his complaint was decided by the Office of Employment Discrimination Complaint Adjudication ("OEDCA"). Id. The OEDCA issued a Final Agency Decision on December 15, 2009, finding that no discrimination had occurred. Id. Plaintiff filed a complaint with the U.S. District Court on September 8, 2012 alleging claims pursuant to the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 et seq. See ECF No. 1, at 1. The complaint also alleges a cause of action under the Constitution of the United States of America; however, no particular provision is cited. Id. On February 22, 2013, the Secretary of the Department of Veterans Affairs ("defendant") filed a motion to dismiss the complaint, arguing that plaintiff had not included the allegations of discrete acts of discrimination contained in paragraphs 18-24 of the complaint filed with the court in his complaint before the EEOC, and thus did not properly exhaust the

administrative remedies.  See ECF No. 15, at 2.  Additionally, defendant argued that plaintiff failed to comply with the requirements of the "bypass option," which allows employees to bypass administrative remedies and sue directly in federal district court.  Id. at 5-8.  The court granted the motion to dismiss the allegations contained in paragraphs 18-24 of the complaint and entered partial judgment on May 7, 2013.  See ECF No. 29.

On July 15, 2013, defendant filed a motion for summary judgment pursuant to Fed. R. Civ P. 56(c).  See ECF No. 30.  In particular, the motion for summary judgment alleges that: (1) plaintiff cannot maintain a *prima facie* case of age discrimination under the McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973) burden-shifting analysis because plaintiff cannot meet his burden of demonstrate that younger, similarly-situated employees were treated more favorably; and (2) that defendant had a legitimate, nondiscriminatory reason for denying plaintiff a promotion because it acted in compliance with the mandatory Office of Personnel Management (OPM) consistency review and followed OPM guidelines in doing so.  See ECF No. 30-1, at 3-6.

Plaintiff filed his response to the motion for summary judgment on July 15, 2013, contending that defendant presented no evidence that any other employee's pay grade was reclassified prior to the consistency review, and therefore strong circumstantial evidence of age discrimination exists.  See ECF No. 31, at 2-3.  Defendant filed a reply to plaintiff's opposition motion on August 8, 2013, contending that plaintiff failed to demonstrate that defendant discriminated against him based on his age.  See ECF No. 34, at 2.  The reply also noted that plaintiff's opposition motion failed to establish defendant's reasons are pretext for discrimination.  See id.

## II.   UNCONTESTED FACTS

Plaintiff was born on April 5, 1952 and was over forty years old at the time of the alleged discriminatory employment action.  See ECF Nos. 30-1, at 5; 1 ¶ 17.  On December 28, 2007,

the Department of Veterans Affairs ("DVA") sent plaintiff a memorandum notifying him that he was selected for the position of Patient Services Assistant at the GS-7 level, with an effective date of January 6, 2008. See ECF Nos. 30-2, 3; 31-1 ¶ 1. On January 23, 2008 the DVA issued a corrected notice to plaintiff, which indicated that he had been selected for a Patient Services Assistant position at the GS-6 level, with a target grade level of GS-7, effective January 20, 2008.[1] See ECF Nos. 30-2, 3; 31-1 ¶ 1.

In February 2008, the OPM initiated and mandated a consistency review in order to review positions with similar duties and responsibilities to the Patient Relations Assistant position plaintiff held. See ECF Nos. 30-2, ¶ 3; 31-1, ¶ 3. On appeal to the OPM, the status of the position of Patient Relations Assistant was adjudicated, resulting in a downgrading of the position from GS-7 to GS-5. See ECF Nos. 30-2, ¶ 3; 31-1, ¶ 3. This OPM decision mandated that the DVA review the classification of related positions, including the Patient Services Assistant position, for the purpose of ensuring consistency with the OPM decision. See ECF Nos. 30-2, ¶ 3; 31-1, ¶ 3. In March 6, 2008, the OPM instructed the DVA Central Office, which instructed San Juan DVA Medical Center Human Resources staff in turn, that no new hires to any of the positions under review should be recruited at a level higher than GS-5 until the review was completed. See ECF Nos. 30-2, ¶ 4; 31-1, ¶ 4. Additionally, no employee holding a position that was under review was to be promoted until the review was completed. See ECF Nos. 30-2, ¶ 4; 31-1, ¶ 4.

---

[1] The parties both acknowledge that these two memoranda were sent from the DVA to plaintiff, but dispute the collective effect of these notices. See ECF Nos. 31-1 ¶ 1-2; 34. Plaintiff contends that he was "appointed" to a GS-7 position via the December 28, 2007 letter, and that this appointment was "rescinded" via the letter dated January 28, 2008. See ECF No. 31-1 ¶ 1-2. In his opposition to defendant's motion for summary judgment, plaintiff argues that defendant's discriminatory act was appointing plaintiff to a GS-7 position and rescinding the appointment, not the reclassification of the position during the consistency review. See ECF No. 31, at 2-3. In its reply to plaintiff's opposition to motion for summary judgment, defendant argues that plaintiff's assessment that he was "appointed" to a GS-7 position and that it was later "rescinded" is incorrect, and that the January 23, 2008 notice was corrected to indicate the appropriate grade to which plaintiff was actually being appointed, i.e. GS-6 with a target grade of GS-7. See ECF No. 34, at 1-2.

Plaintiff completed his probationary period at the GS-6 level on January 20, 2009. See ECF Nos. 30-2, ¶ 5; 31-1, ¶ 5. His inquiry regarding his eligibility for a promotion to GS-7 was forwarded to Gloria Sole, who provided him with an official DVA response informing him that because his position was under a consistency review, his promotion to GS-7 could not be processed until the DVA Central Office provided further instructions. See ECF Nos. 30-2, ¶ 5; 31-1, ¶ 5. In a letter dated June 3, 2009, the DVA notified plaintiff that as a result of the consistency review, the position he retained had been reclassified from a GS-6 to a GS-5 level position, effective June 29, 2009. See ECF Nos. 30-2, ¶ 6; 31-1, ¶ 6. Only those employees whose positions were covered by the consistency review who had already retained positions at the GS-7 level for more than a year at the time the review began were entitled to grade and pay retention at the GS-7 level. See ECF Nos. 30-2, ¶ 7; 31-1, ¶ 7. All other employees were only entitled to grade and pay retention at the GS-6 level. See ECF Nos. 30-2, ¶ 7; 31-1, ¶ 7. Including plaintiff, a total of seventeen employees working in plaintiff's facility whose positions were covered by the consistency review did not retain GS-7 level grade and pay benefits, because they were not at the GS-7 level for more than a year before the review started. See ECF Nos. 30-2, ¶ 8; 31-1, ¶ 8. Of those seventeen employees, thirteen of them were under age 40 in 2009. See ECF Nos. 30-2, ¶ 8; 31-1, ¶ 8.

### III.   LEGAL ANALYSIS

#### A. Summary Judgment Standard

Summary judgment may be entered only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The party moving for summary judgment bears the burden of showing the absence of a genuine issue of

material fact. See Celotex, 477 U.S. at 323 (1986). After the moving party has satisfied this burden, the nonmoving party must "set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).

To avoid summary judgment, the contested facts must be "material" and the dispute must be "genuine". Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). "Material" means that a contested fact has the potential to change the outcome of the suit under governing law. Id. The issue is "genuine" when a reasonable jury could return a verdict for the nonmoving party based on the evidence. Id. It is well settled that "[t]he mere existence of a scintilla of evidence" is insufficient to defeat a properly supported motion for summary judgment. Id. at 252. It is therefore necessary that "a party opposing summary judgment must 'present definite, competent evidence to rebut the motion.'" Maldonado-Denis v. Castillo-Rodríguez, 23 F.3d 576, 581 (1st Cir. 1994) (quoting Mesnick v. General Elec. Co., 950 F.2d 816, 822 (1st Cir. 1993)).

In making this assessment, the court "must view the entire record in the light most hospitable to the party opposing summary judgment, indulging in all reasonable inferences in that party's favor." Griggs-Ryan v. Smith, 904 F.2d 112, 115 (1st Cir. 1990). The court may safely ignore "conclusory allegations, improbable inferences, and unsupported speculation." Medina-Muñoz v. R.J. Reynolds Tobacco Co., 896 F.2d 5, 8 (1st Cir. 1990) (citing Rossy v. Roche Prod., Inc., 880 F.2d 621, 624 (1st Cir. 1989)). However, there is "no room for credibility determinations, no room for the measured weighing of conflicting evidence such as the trial process entails, [and] no room for the judge to superimpose his own ideas of probability and likelihood (no matter how reasonable those ideas may be)." Greenburg v. P. R. Mar. Shipping Auth., 835 F. 2d 932, 936 (1st Cir. 1987).

When considering a request for summary judgment, unsettled issues of motive and intent as to the conduct of any party will normally preclude the court from granting summary judgment. Mulero-Rodríguez v. Ponte, Inc., 98 F. 3d 670, 677 (1st Cir. 1996) (reversing summary judgment and emphasizing that "'determinations of motive and intent . . . are questions better suited for the jury'"). However, "'even in cases where elusive concepts such as motive or intent are at issue, summary judgment may be appropriate if the nonmoving party rests merely upon conclusory allegations, improbable inferences [or] unsupported speculation.'" Ayala-Genera v. Bristol Myers-Squibb Co., 95 F.3d 86, 95 (1st Cir. 1996) (quoting Goldman v. First Nat'l Bank of Boston, 985 F.2d 1113, 1116 (1st Cir. 1993)).

**B. Standard under the ADEA**

The Age Discrimination in Employment Act ("ADEA") makes it unlawful for an employer "to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1) (2000). In an ADEA discrimination case, the plaintiff bears the burden of proving "that age was 'the reason' that the employer decided to act." Gross v. FBL Financial Services, Inc., 557 U.S. 167, 68 (2009) (citing Hazen Paper Co. v. Biggins, 507 U.S. 604, 610 (1993). The ADEA does not authorize a plaintiff to bring mixed-motive age discrimination cases in which age is only a "motivating factor" in the employer's decision. See Gross, 557 U.S. at 175-76. It requires a plaintiff "to prove by a preponderance of the evidence (which may be direct or circumstantial), that age was the 'but-for' cause of the challenged employer decision." Id. at 177-78 (citing Reeves v. Sanderson Plumbing Products, Inc., 530 U.S. 133, 141-44 (2000).

Where there is little overt evidence of discrimination and the plaintiff is relying on circumstantial evidence, he or she must make a *prima facie* case according to the McDonnell-Douglas burden-shifting framework in order to survive a motion for summary judgment. Rivera-Aponte v. Rest. Metropol #3, Inc., 338 F.3d 9, 11 (1st Cir. 2003). Thus, the employee must establish that: (1) he or she is within the ADEA's protected age ground--over forty years of age; (2) his or her job performance met the employer's legitimate performance expectations; (3) that he or she suffered an adverse employment action; and (4) that defendant "did not treat age neutrally or retained younger persons in the same position." See Pages-Cahue v. Iberia Lineas Aereas de España, 82 F.3d 533, 536 (1st Cir. 1996) (citing Woodman v. Haemonetics Corp., 51 F.3d 1087, 1091 (1995); Vega v. Kodak Caribbean, Ltd. 3 F.3d 476, 479 (1st Cir. 1993)). The required *prima facie* showing is not especially burdensome. See Greenberg v. Union Camp Corp., 48 F.3d 22, 26 (1st Cir. 1995); Sánchez v. P.R. Oil Co., 37 F.3d 712, 719 (1st Cir. 1994), Smith v. Stratus Computer, Inc., 40 F.3d 11, 15 n. 4 (1st Cir. 1994).

Establishing a *prima facie* case "gives rise to an inference that the employer discriminated due to the plaintiff's advanced years." Mesnick, 950 F.2d at 823. While the burden of persuasion remains at all times with the plaintiff, the *prima facie* case shifts the burden of production to the employer, who must then articulate a legitimate, nondiscriminatory reason for the adverse employment action. Id. The shift to the employer "entails only a burden of production, not a burden of persuasion." Id. (citing Texas Dept. Of Community Affairs v. Burdine, 450 U.S. 248, 253 (1981); Medina-Muñoz, 896 F.2d at 9). If the employer meets this limited burden, the presumption created by the *prima facie* disappears. St. Mary's Honor Ctr. v. Hicks, 277 F.3d 40, 45 (2002). Plaintiff then has the opportunity to show that the employer's reason is a pretext for discrimination, allowing the factfinder to infer "discriminatory animus."

See Velez v. Thermo King de Puerto Rico, Inc., 585 F.3d 441, 448 (1st Cir. 2009); González v. El Día, Inc., 304 F.3d 63, 69 (1st Cir. 2002). Throughout this burden-shifting process the plaintiff retains the ultimate burden of proving that unlawful discrimination based on the plaintiff's age was the "but-for" cause of the challenged employment action. See Palmquist v. Shinseki, 689 F.3d 66, 74 (1st Cir. 2012) (citing Gross, 557 U.S. at 175-77); González, 304 F.3d at 69. "In the context of a summary judgment proceeding, once the employer articulates a legitimate, nondiscriminatory basis for its adverse employment decision, the plaintiff, 'before becoming entitled to bring the case before the trier of fact, must show evidence sufficient for the factfinder reasonably to conclude that the employer's decision . . . was wrongfully based on age.'" Pages-Cahue, 82 F.3d at 536 (quoting LeBlanc v. Great American Ins. Co., 6 F.3d 836, 843 (1993)).

### C. Application to the Present Case

Plaintiff has not brought to the attention of the court any specific reference to the record indicating that direct evidence of overt age discrimination exists. Absent such direct evidence of discrimination, his ADEA claim must be evaluated under the McDonnell Douglas burden-shifting framework. See Cameron v. Idearc Media Corp., 685 F.3d 44, 48 (1st Cir. 2012). Defendant explicitly concedes that plaintiff can establish that he was within the ADEA's protected age group, and that he was subjected to an adverse employment action. See ECF No. 30-1 at 4-5. Additionally, while defendant does not acknowledge the second prong of the *prima facie* case that the employee met the employer's legitimate job expectations, it does not contest that plaintiff's job performance was satisfactory. Thus, there is no genuine issue of material fact with regard to plaintiff's ability to meet its burden with regard to the first three prongs of a *prima facie* case under the ADEA.

To succeed in an age discrimination case with circumstantial evidence, a plaintiff must establish a *prima facie* case under McDonnell Douglas. See Greenberg, 48 F.3d at 26. Plaintiff has not established a genuine issue of material fact with regard to the fourth element of a *prima facie* age discrimination case, because he has not pointed to any specific facts that suggest defendant did not act neutrally with respect to plaintiff's age when undertaking the challenged employment actions, namely the decisions regarding the assignment of his pay grade. Reading the record in the light most favorable to the plaintiff, there are no facts to create a reasonable inference supporting the fourth element of a *prima facie* case of age discrimination.

Plaintiff's principal argument in opposing defendant's motion for summary judgment is that defendant did not "rescind" the classification of any other employee prior to the commencement of the consistency review in February 2008. See ECF No. 31, at 2. Plaintiff asserts that based on the fact that defendant has not identified any other employee who experienced the same alleged adverse employment action, "strong circumstantial evidence exists that defendant discriminated against [him] based on his age." Id. While establishing a *prima facie* case under the McDonnell Douglas framework is not a heavy burden, it does require "evidence adequate to create an inference that an employment decision was based on a[n] [illegal] discriminatory criterion." O'Connor v. Consol. Coin Caterers Corp., 517 U.S. 308, 312 (1996) (citing Teamsters v. United States, 431 U.S. 324, 358 (1977)). Being over forty years of age and experiencing a particular adverse employment action, absent additional circumstances, is insufficient to establish the requisite inference of age discrimination. If it were sufficient, then establishing the first and third prong of a *prima facie* ADEA claim would satisfy the fourth prong as well, effectively rendering the fourth prong redundant as an independent requirement. Accordingly, some additional evidence must be presented to demonstrate that defendant "did not

treat age neutrally or retained younger persons in the same position." See Pages-Cahue, 82 F.3d at 536 (citing Woodman v. Haemonetics Corp., 51 F.3d at 1091). Plaintiff has not brought any other evidence to the court's attention from which it can logically be inferred that defendant discriminated against him based on his age. Therefore, plaintiff has not established a *prima facie* case of age discrimination.

In opposing defendant's motion for summary judgment, plaintiff appears to misconstrue the initial burden of persuasion in this case. He suggests that in order to succeed on its motion for summary judgment, defendant must demonstrate it took the same challenged employment actions that he alleges he suffered, against other employees. See ECF No. 31, at 2 ("Defendant has presented no evidence that it rescinded the promotion of any employee other than Mr. Carrasco, so it is not entitled to summary judgment."). Under the McDonnell Douglas framework in ADEA cases, that is not a burden that defendant must carry. Defendant's only burden under this framework is the burden of production to articulate a legitimate, nondiscriminatory reason for its actions after plaintiff has established a *prima facie* case of discrimination. See Greenberg, 48 F.3d at 26. Because plaintiff has failed to do so, we need not analyze whether defendant has met the aforementioned burden of production at this time.

Even if, *arguendo*, plaintiff could establish a *prima facie* case of age discrimination, no rational factfinder could find for plaintiff as to the requisite discriminatory animus and "but-for" causation standard. See Palmquist v. Shinseki, 689 F.3d 66, 74 (1st Cir. 2012) (citing Gross, 557 U.S. at 175-77); González, 304 F.3d at 69. Whether plaintiff was initially appointed to a GS-7 position that was later "rescinded" on January 28, 2008, as he asserts, is immaterial to the outcome in this decision. See ECF No. 31-1 ¶ 1-2. It is uncontested that the following month, the OPM adjudicated the classification of plaintiff's Patient Relations Assistant position,

resulting in a mandatory downgrading of the classification of this position from GS-7 to GS-5. See ECF Nos. 30-2, ¶ 3; 31-1, ¶ 3. Only employees who had been working in a GS-7 position for greater than one year were entitled to retain their GS-7 pay grade, irrespective of their ages. See ECF Nos. 30-2, ¶ 7-8; 31-1, ¶ 7-8. In the material properly before the court, plaintiff has offered no support for the contention that any of the employer's challenged employment actions were motivated by his age or that the employer's proffered reason was pretext for discrimination. Accordingly, no jury could infer that defendant's "decision[s] [were] motivated by age animus." Connell v. Bank of Boston, 924 F.2d 1169, 1172 n. 3 (1st Cir. 1991). Plaintiff cannot defeat defendant's motion for summary judgment "if the record is devoid of adequate direct or circumstantial evidence of the employer's discriminatory intent," as is true in this case. Pages-Cahue, 82 F.3d at 537.

Defendant, as the party moving for summary judgment in this case, does bear the ultimate burden of showing the absence of a genuine issue of material fact. Celotex, 477 U.S. at 323. For issues where the nonmoving party bears the ultimate burden of proof, however, that party cannot merely "rely on the absence of competent evidence" to demonstrate its cause of action, as plaintiff has done. McCarthy v. Nw. Airlines, Inc., 56 F.3d 313, 315 (1st Cir. 1995). Plaintiff has not "set forth specific facts showing that there is a genuine issue for trial" sufficient to defeat the motion for summary judgment, therefore his claim should be dismissed. Fed. R. Civ. P. 56(e).

### IV. CONCLUSION

For the reasons explained above, defendant's motion for summary judgment (Docket No. 36) is GRANTED.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 24th day of September, 2013.

                                          <u>s/Marcos E. López</u>
                                          U.S. MAGISTRATE JUDGE